27 C.C.P.A. (Patents)

## In re MAIDEN FORM BRASSIERE CO., Inc.

### Patent Appeal No. 4280.

Court of Customs and Patent Appeals.
April 29, 1940.

Sidney E. Gottschall, of New York City, for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This appeal from the decision of the Commissioner of Patents, affirming that of the Examiner of Trade-marks declining to register "Tric-O-Lastic" as a trade-mark for elastic fabrics and webbing, presents a question relating to whether or not appellant has shown a trade-mark use of the mark involved. Other questions are presented in numerous reasons of appeal, but in view of our conclusion, we think the decision of the case on the main question involved, to wit, the character of the use of the mark, renders unnecessary extended discussion of all other questions which appellant seeks to raise.

Appellant's mark as applied to its goods is in the following form:

It is shown in the record, which includes numerous amendments, explanations and petitions to the commissioner on procedural matters, that appellant is the manufacturer and seller of women's garments such as "brassieres, panty-girdles, girdles, garter-belts, etc.," and that such articles are made in part of elastic fabrics or webbing which appellant buys but does not produce and which elastic fabrics or webbing are not by appellant sold separately from the garment in which they are embodied. It furthermore appears from the record that the mark as above set out is applied, when the garment is sold, to that portion or section of the garment which is composed of elastic fabric or webbing.

It was held by the examiner that the question presented was identical with that decided by Assistant Commissioner of Patents Leslie Frazer in the case of Ex parte A. Stein & Co., 159 Ms.D. 868, 33 U.S.P.Q. 54, and that, in substance, since the applicant was not a manufacturer or dealer in elastic fabrics and webbing as such, it was not entitled to registration for such elastic fabrics and webbing when embodied in a finished garment. The examiner said: "If applicant, a manufacturer or dealer in corsets and like garments, may register its trade-mark used on such garments as a trade-mark for elastic fabrics, a manufacturer of pants would have an equal right to register a mark used thereon for the buttons attached thereto. One using a mark on bread might register it for sugar or flour or baking powder; a manufacturer or seller of automobiles might register the mark used thereon for tires; a publisher might be entitled to register his mark on printing paper; and a paper manufacturer would be entitled to register his mark for pulp."

The examiner relied upon the case of Crosley Radio Corporation v. Sparks-Withington Company, 159 Ms.D. 871, 33 U.S. P.Q. 162, where it was held that an applicant had not shown a proper use of its mark for the purpose of registration if it was used upon "refrigerator units, namely: metal frames for attachment to the inside of refrigerator doors, for holding foodstuffs" where it had never sold such frames apart from the refrigerator. He also

pointed out that in Ex parte Alfred H. Smith Co., Inc., 145 Ms.D. 35, 14 T.M.Rep. 115, it had been held that an applicant was not entitled to register his mark for bottles or other containers where he was not selling such bottles or containers empty but his trade was in the contents of such receptacles. Other pertinent authorities were alluded to.

Upon appeal to the commissioner, in a decision by Justin W. Macklin, First Assistant Commissioner, the decision of the examiner was affirmed, in a very well considered opinion, after citing a number of authorities, and it was held that the examiner had arrived at the right conclusion and that it was not shown that the applicant had made a trade-mark use of his mark such as the law requires.

It is our opinion that the commissioner's decision is without error. Appellant does not purport to be a dealer in elastic fabrics and webbing but a dealer in undergarments. Its interstate commerce is confined to the latter. The record shows that it has registered the mark "Tric-O-Lastic" for the finished garment, and regardless of whether it uses the trade-mark "Tric-O-Lastic" or its registered trade-mark "Maiden Form" it has the right to place the trade-mark on any part of the garment, and to apply the trade-mark "Tric-O-Lastic" as applied for on the elastic part of the garment would not necessarily indicate the origin of the elastic, but would ordinarily suggest the origin of the garment. Regardless of whether one has the right to put his trade-mark upon a part of an assembly, he being the maker and seller of the part independently or in combination, it is our view that, under the facts at bar, to so label the part which he does not produce would not be indicating the origin of that part. So, confining the issue strictly to the facts at hand without further discussing or passing upon the question as to whether one has the right to trade-mark a component part of an article which part he makes and deals in, it is clear to us that he should not be permitted to register a mark for a component part where he neither produces nor separately sells the same.

Appellant in his reasons of appeal assigned numerous alleged errors, many of which, in view of our conclusion, need not be referred to here. He has questioned the action of the commissioner in affirming the Examiner of Trade-marks in requiring the applicant to change or modify the classification from class 42, knitted, netted and textile fabrics, to class 39, clothing. He also questions the action of the commissioner in affirming the decision of the examiner in requiring the applicant to specify the width of the elastic and whether or not it is sold "in the piece."

Applicant's application for registration was not denied by reason of any failure of compliance with said requirements, but solely upon the ground that the applicant had not made a trade-mark use of the mark applied for. If it were conceded, and it is not, that the Patent Office was wrong in its ruling on the questioned procedural actions, it, in view of our conclusion above stated, could avail appellant nothing.

Being in agreement with the decision of the tribunals below on the main question in the case, it is unnecessary to further discuss or determine any other issue which appellant has attempted to raise. The decision of the Commissioner of Patents is affirmed.

Affirmed.